IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Coleman, <br><br> Plaintiff, <br><br> v. <br><br> Columbia Police Department; Officer Beech; North Charleston Police Department, <br><br> Defendants. | C/A No. 3:21-cv-1806-JFA-PJG <br><br><br> **ORDER** |

      Plaintiff, William T. Coleman, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

      After performing an initial review of the complaint pursuant to 28 U.S.C. § 1915[1] the Magistrate Judge assigned to this action[2] issued a thorough Report and Recommendation ("Report"). (ECF No. 22). Within the Report, the Magistrate Judge opines that defendants Columbia Police Department and North Charleston Police Department should be summarily dismissed without prejudice and issuance and service of

---

[1] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

process. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on September 17, 2021. *Id.* The Magistrate Judge required Plaintiff to file objections by October 1, 2021. *Id.* Plaintiff failed to file objections or otherwise address the deficiencies in his complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the Plaintiff's pleadings fail to state a claim upon which relief could be granted as to defendants Columbia Police Department and North Charleston Police Department.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 22). Consequently, defendants Columbia Police Department and North

Charleston Police Department are summarily dismissed without prejudice and without issuance and service of process. The remainder of this action if referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

October 13, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3